IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ELENA MENDEZ,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-610 |
| | ) | |
| **A.S.G. STAFFING, INC**., | ) | Jury Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Elena Mendez ("Plaintiff"), by her undersigned counsel, complains of Defendant, A.G.S. Staffing, Inc. ("Defendant"), as follows:

## JURISDICTION AND VENUE

1. Plaintiff is alleging retaliation against Defendant in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and also for violations of the Illinois Whistleblower Act, 740 ILCS 174/1, *et seq.* ("Whistleblower Act"). This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1367.

2. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) as Defendant is a corporate resident of the Northern District of Illinois, and the acts complained of occurred within this judicial district.

## PARTIES

3. Plaintiff is an adult female residing in the Northern District of Illinois, who was an employee of the Defendant for 8 years, i.e. from or about December of 2005 – December of 2013.

4. Defendant, upon information and belief, is a duly organized corporation engaged in the business of providing on-site management as well as temporary and

long-term employees to manufacturing and light industrial and related businesses. Defendant has offices located in Berwyn, Glendale Heights, Aurora, and Bolingbrook, Illinois, with its principal place of business located in Bensenville, Illinois.

## SALIENT FACTS

5. At all relevant times, Defendant has been active and/or complicit in aiding, abetting and promoting discriminatory employment practices in violation of, *inter alia*, 42 U.S.C. § 1981, by supplying employees for its customers based on race and ethnicity.

6. Specifically, Defendant's unlawful conduct involves, *inter alia*, supplying various customers with employees based on certain requested racial and ethnic characteristics (as well as also by one's age and sex) – including but not limited to the following companies:

   a. Saratoga Specialty Foods, Bolingbrook, Illinois
   b. Card Dynamix, Romeoville, Illinois
   c. Expeditors International, Bensenville, Illinois
   d. Fresh Cut, Elk Grove Village, Illinois
   e. Fontannini Specialty Foods, McCook, Illinois

7. In connection therewith, and at all times relevant, Defendant (and its various customers) engaged in a practice of unlawful racial "earmarking" by utilizing the following employee coding system wherein employees are supplied, identified, and/or selected by Defendant for employment by certain of its customers as follows:

   "Code 1" – **Caucasian**

   "Code 2" – **African American**

   "Code 3" – **Hispanic**

   "Code 4" - **Asian**

8. Defendant also supplies employees to its customers, when requested, based upon a sex-based coding system wherein men are referred to as a "heavy" and women are referred to as a "light." Under Defendant's coding system, for example, a customer's request for a "Code 3, heavy" employee would be a request for a Hispanic man.

9. The aforesaid conduct by Defendant effectively segregates, selects, disqualifies, and/or effects the hiring of employees based on impermissible factors such as race and ethnicity.

10. Plaintiff protested and objected to these unlawful employment practices at Defendant – especially during the 6 - 12 month period immediately preceding her termination - while assigned to work at Defendant's Bolingbrook and Glendale Heights, Illinois, facilities.

11. On December 2, 2013, Plaintiff was abruptly terminated by Defendant's Human Recourse Manager Linda Saxton and Regional Manager Noemi Vargas.

12. Soon after her termination, Plaintiff's counsel contacted Defendant about these matters. One of Defendant's owners, Charles Porcelli, then called Plaintiff and threatened to contest her right receive unemployment compensation unless she agreed to waive and release her legal claims against Defendant.

### COUNT I
### (RETALIATION IN VIOLATION OF 42 U.S.C. § 1981)

1. Plaintiff adopts paragraphs 1 - 12 above as paragraph 1 of Count I.

2. The effect of the above-described employment practices - which Plaintiff protested and objected to - has deprived (possibly hundreds) of affected individuals of equal employment opportunities, to make and enforce contracts, and otherwise adversely affected their employment status because of race and/or ethnicity.

3. Defendant's policies, practices, customs, and usages, as alleged herein, violate 42 U.S.C. § 1981.

4. 42 U.S.C. § 1981 also prohibits retaliation or other adverse job actions against an employee for, *inter alia,* opposing unlawful employment practices that discriminate based on race and/or ethnicity.

5. The reason Plaintiff was terminated from her employment was because of her objections and protests about Defendant's unlawful employment practices, as alleged above.

6. As a direct and proximate result of Defendant's termination of employment, Plaintiff has lost, and will continue to loose, compensation and other benefits of employment, has suffered emotional distress, and anxiety about her ability to support herself, her future employability, and earning capacity, as well as suffering humiliation, embarrassment, disruption of her personal life and loss of enjoyment of the ordinary pleasures of everyday life.

7. The aforesaid conduct by Defendant willfully violated Plaintiff's federally protected rights under 42 U.S.C. § 1981 and warrants the imposition of punitive damages.

## Relief Sought

**WHEREFORE,** Plaintiff, **Elena Mendez**, prays that this Court grant the following relief against Defendant:

> A. Award her appropriate back pay and future earnings, and reimbursement for other employment related losses, in an amount to be shown at trial, plus interest so as to render Plaintiff whole from the unlawful discrimination, retaliation and/or termination.
>
> B. Award her compensatory damages for emotional pain, humiliation and anxiety, in an amount to be shown at trial.

    C.    Award her punitive damages in an amount to be determined at trial for Defendant's willful and wanton misconduct.

    D.    Award her legal fees, litigation costs, any additional relief that is warranted in this action.

## COUNT II
### (TERMINATION IN VIOLATION OF 740 ILCS 174)

1. Plaintiff adopts paragraphs 1-4 of Count I, above, as paragraph 1 of Count II.

2. At all relevant times, the Illinois Whistleblower Act provided, in pertinent part, that an Illinois employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal law, rule, or regulation.

3. In view of the foregoing, Plaintiff was concerned, and had a reasonable, good faith belief that Defendant's actions violated one or more state or federal laws, rules or regulations prohibiting employment discrimination and/or unlawful employment practices, including: Section 1981, the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, and the Illinois Human Rights Act.

4. At all relevant times, Plaintiff refused to engage or participate in what she reasonably believed were unlawful employment practices at Defendant, as alleged, including her refusal to provide, select, disqualify and/or segregate employees, applicants, or candidates for hire, based on race, ethnicity, sex and age.

5. Several days before her termination, Plaintiff also refused to disqualify an otherwise qualified job applicant based solely on her background/criminal history - as Defendant had requested – in violation of the Fair Credit Reporting Act and/or the Illinois Employee Credit Privacy Act.

6. The reason Plaintiff was terminated from her employment was because of her refusal to participate or engage in one or more of Defendant's unlawful and/or

discriminatory employment practices, as alleged.

7. As a direct and proximate result of Plaintiff's termination of employment, she has lost, and will continue to loose compensation and other benefits of employment, has suffered emotional distress, and anxiety about her ability to support herself, her future employability, and earning capacity, as well as suffering humiliation, embarrassment, disruption of her personal life and loss of enjoyment of the ordinary pleasures of everyday life.

8. Defendant's retaliation against and termination of Plaintiff violates the Illinois Whistleblower Act.

### Relief Sought

**WHEREFORE**, Plaintiff, **Elena Mendez,** prays that this Court grant the following relief against Defendant:

A. Award her reinstatement to her former position with the same seniority status that she would have had, but for the subject violations of the Illinois Whistleblower Act or, alternatively, for an appropriate award of lost front pay;

B. Award her appropriate lost back pay and benefits, and reimbursement for other employment related losses since her termination, plus interest, so as to render her whole from the unlawful termination;

C. Award her compensatory damages for emotional stress, humiliation and anxiety, in an amount to be shown at trial as authorized by law.

D. Award her litigation costs, expert witness fees, reasonable attorney's fees, and any other relief as authorized by 740 ILCS 174.

- 7 -

                                                   **Plaintiff, Elena Mendez**

                        By:    s/Randall B. Gold
                                One of Her Attorneys

Randall B. Gold, Esq.
Michael R. Fox, Esq.
Fox & Fox, S.C.
221 N. LaSalle, Suite 2900
Chicago, IL 60601
847-796-5198
rgoldlaw@aol.com
mfox@foxquick.com